UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Wilson | Civil Action No. 17-cv-00427 |
| versus | Judge Rebecca F. Doherty |
| Ace American Insurance Co, et al | Magistrate Judge Carol B. Whitehurst |

REPORT AND RECOMMENDATION

Currently pending on referral from the District Judge is Plaintiff, Taurein D. Wilson's, Motion To Remand [Rec. Doc. 8] and an opposition filed by defendants, Carrie W. Benfield and Werner Enterprises ("Werner") [Rec. Doc. 19], as well as, a Motion to Dismiss pursuant to Fed. Rule Civ. Pro. 12(b)(1) for Lack of Subject Matter Jurisdiction by defendants, Patrick W. Aaron, Jr. and Safeway Insurance Co. ("Safeway") [Rec. Doc. 10] and Plaintiff's opposition to the Motion to Dismiss. [Rec. Doc. 15]. For the reasons set forth below, the undersigned recommends that the Motion to Remand be granted and the Motion To Dismiss for Lack of Subject Matter Jurisdiction be denied as moot.

*I. Background*

This matter arises out of a two vehicle motor accident in which Plaintiff was a guest passenger in Jefferson Parish, Louisiana on February 24, 2016. The host driver Aaron was driving a 1990 Buick LeSabre traveling eastbound in the right lane of 1-10. An emergency vehicle or tow truck with flashing lights accompanied by a

police or sheriff's vehicle was stopped on the shoulder on the right side of the eastbound lanes of I-10 and an 18-wheeler tractor-trailer owned by Werner and driven by Benfield was traveling in the left lane of I-10. When Benfield attempted to change from the right to the left lane, the 18-wheeler which she was driving struck the rear driver's side of Aaron's vehicle. *Rec. 1-7 , ¶ IV.*

On January 23, 2017, Plaintiff filed a personal injury action against Werner and Benfield seeking to recover damages in the Thirty-First Judicial District Court, Jefferson Davis Parish, Louisiana. *Rec. 1-4.* Plaintiff filed a Voluntary Motion to Dismiss Without Prejudice which was granted on February 13, 2017.[1] *Rec. 1-6, p. 29.* Plaintiff then filed this matter in the Twenty-Seventh Judicial District Court, St. Landry Parish, Louisiana adding Aaron and Safeway as defendants. *Rec. 1-7, p. 32.* Defendants, Werner and Benfield, removed this action contending that Aaron, the host driver and Aaron's insurer, Safeway, both non-diverse defendants, were fraudulently/improperly joined as defendants, and therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Rec. 1.*

Plaintiff filed a Motion to Remand contending that he has "a possibility of recovery" against Aaron and Safeway because Aaron was the host driver in the two-

---

[1] Counsel for Werner and Benfield asserts that they requested that Plaintiff execute a binding and irrevocable stipulation that the total amount of damages claimed by him in connection with the above-referenced lawsuit did not exceed the sum or value of $75,000, exclusive of interests and costs in order to preclude removal. Instead of responding, Plaintiff filed the Motion to Dismiss. *Rec. 1, ¶ IV-V.*

car collision which caused his injuries and that both drivers were negligent in operating their respective vehicles. *Rec. 8-1*. Defendants Aaron and Safeway filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed.R.Civ.Pro.12(b)(1), because they are non-diverse parties.

## *II. Analysis*

Federal district courts are of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *Griffin v. Lee,* 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. School District,* 44F.3d 362, 365 (5th Cir. 1995). Thus, the removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal jurisdiction. *Id.* The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134

F.3d 1250, 1253–1254 (5th Cir.1998). Therefore, the removing defendants must bear the burden to demonstrate by a preponderance of the evidence that this Court has jurisdiction over this matter. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990).

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d. 568, 572 (5th Cir. 2004). Thus, the removing defendants must establish that the amount in controversy exceeds $ 75,000 and the parties are diverse in citizenship.

In this case, the parties do not dispute that the amount in controversy exceeds the jurisdictional threshold.[2] In their Notice of Removal, however, Werner and Benfield assert that Aaron and Safeway, non-diverse defendants, were fraudulently/improperly joined, and therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff argues that the parties are not diverse in citizenship because he has a plausible claim against Aaron and Safeway and, thus, they were properly joined as defendants in this lawsuit.

*A. Were Aaron and Benfield Improperly Joined?*

Improper joinder may be established by demonstrating either that there was

---

[2] Additionally, the Court finds that the removing defendants submitted sufficient facts in their Notice of Removal to support a conclusion that the amount-in-controversy has been crossed.

actual fraud in the pleading of jurisdictional facts or by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood*, 385 F.3d at 573 (5th Cir.2004). Since the removing defendants assert only the second aspect, they must show that there is no possibility of recovery by Plaintiffs against the in-state defendants, Aaron and Safeway, based on the factual allegations in the state petition. In other words, the defendant must show that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant even if the factual allegations of the state court petition are true. *Id.* at 576. When there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, the defendant has been improperly joined. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573. The court is not required to determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that the plaintiff might do so. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir.2005). Further, the petition as filed in state court controls the inquiry. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999). With respect to matters pleaded in state court, the district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff.

*Guillory v. PPG Industries, Inc.*, 434 F.3d at 308.

In this case, Plaintiff's petition alleges that an emergency vehicle and a police or sheriff's vehicle, both with flashing lights, were stopped on the shoulder of the eastbound lanes of I-10. *Rec. 1-7, ¶ IV.* Plaintiff further alleges that he was a passenger in Aaron's car, which was traveling eastbound on I-10 in the right lane. *Id.* According to the petition, Aaron failed to move into the left lane to pass the emergency vehicles, as required by La. Rev. Stat. § 32:125(B)(1), remaining in the right lane instead. *Id., ¶ VIII (2).* Plaintiff asserts that, at or near the same time, Benfield, who was operating a tractor-trailer in the left lane of eastbound I-10, moved her vehicle into the right lane, striking Mr. Aaron's car. *Id., ¶ IV.*

The petition specifically alleges that the accident was caused, or contributed to, by the following non-exclusive negligent acts and failures to act of Aaron:

1. Improper lane usage;

2. Failure to travel and remain safely in the left eastbound lane of I-10 as required by LSA-R.S. 32:125(B)(1)...;

3. Failure to slow to a reasonable speed and maneuver into the left eastbound lane of I-10...;

4. Failing to slow to a safer speed, facilitating the WERNER truck to move into the right lane of the pertinent eastbound lane of I-10...

5. Failure to make necessary maneuvers to avoid the collision, i.e. speed up, slow down or move to emergency lane or shoulder when he saw 18-wheeler moving into his lane of travel, by failing to take advantage of the "last clear chance" to avoid the crash;

    6. Inattentiveness;

    7. Operating a motor vehicle with reckless abandon and disregard for the safety of others;

    8. Careless operation;

    9. Failure to yield;

    10. Failure to maintain proper control;

    11. Failure to keep proper lookout; and

    12. Any and all other negligent acts and failures to act, which may be revealed before or at the trial of this matter.

In support of removal, Werner and Benfield, assert that they are 100% at fault and that there is no third-party liability. Werner and Benfield assert that Benfield was attempting to change lanes when the accident occurred and a presumption of negligence exists when a driver leaves his own lane of travel striking another vehicle. *Rec. 19, p. 2.* Werner and Benfield submit that "Mr. Aaron was unable to change lanes due to the presence of the Werner vehicle and had slowed to pass the emergency vehicles." *Rec. 1, p. 4.* Thus, Werner and Benfield contend that Aaron and Safeway were fraudulently joined because the relevant law provides no basis for plaintiff's recovery against these defendants.

Plaintiff has moved to remand this case to the 27th Judicial District Court and contends that he has "viable causes of action as to ... why each driver was partly

responsible for the accident" and a jury should determine how to apportion fault. *Rec. 8, p. 1*. Plaintiff argues that "both of the drivers operated their vehicles in a negligent manner and did not take proper precautions to avoid the accident, and that Aaron did not follow statutory rules regarding passing an emergency vehicle parked on the side of a highway." *Id.*

With specific regard to Aaron, Plaintiff claims that he was negligent in failing to speed up or slow down to avoid the collision and in failing to move into the left lane in accordance with LSA-R.S. 32:125. Plaintiff further alleges that such a claim against a host-driver is inevitable and notes that the Louisiana State Bar Association has issued a public opinion cautioning attorneys from representing a driver and guest-passenger because "conflict will arise when the driver is even slightly at fault in the accident, which is a fact that may not be known or realized until the case is factually developed" for this very reason. *Rec. 8, p. 2 citing Ex. 1*.

The undersigned cannot disregard the factual allegations in plaintiff's petition concerning Aaron's potential liability and must conduct a Rule 12(b)(6)-type analysis to determine whether the Petition provides a reasonable basis upon which plaintiff may recover against Aaron and Safeway.[3] Under Louisiana law, "a host driver has

---

[3] The Court in *Smallwood* noted an alternate procedure for "cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary judgment inquiry." *Smallwood,* 385 F.3d at 573 (5th Cir.2004). The Court finds that this procedure is not necessary in this case and, thus the

a duty to operated his vehicle with reasonable care under the prevailing circumstances for the benefit of guest passengers who might be injured if he fails to do so." *Edwards v. Horstman,* 687 So.2d 1007, 1011 (La. 1997)(citing *Campbell v. Dept. of Transp. & Dev.,* 648 So.2d 898 (La. 1995), *Molbert v. Toepfer,* 550 So.2d 183 (La. 1989); *Smith v. Travelers Ins. Co.,* 430 so2d 55 (La. 1983)). Additionally, "a driver has a duty to drive defensively from the time the driver witnesses negligent operation of another vehicle or notices other hazards posing the potential for resulting damage. *Id.* "That duty may include the duty to slow down or otherwise avoid risks posed by a vehicle ahead." *Id.* (citing *Hebert v. Lefty's Moving Service,* 389 So.2d 855 (La. App. 4th Cir. 1980)).

In light of the plaintiff's allegations against Aaron, this Court finds that Plaintiff has set forth a reasonable basis for recovery against Aaron and Safeway which Werner and Benfield cannot preclude by admitting they are 100% fault in a pleading. Defendants allegations and the presumption cited fail to overcome the heavy burden of proving that there is no possibility of a valid cause of action being set forth against the in-state defendant. Thus, the Court finds that Aaron and Safeway were properly joined and that this should matter be remanded.

---

discovery requested by Werner and Benfield is not warranted.

B. *Is the Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on behalf of the non-diverse defendants permissible in light of Plaintiff's Motion to Remand?*

Non diverse defendants, Aaron and Safeway have moved to dismiss plaintiff's claims without prejudice for lack of subject matter jurisdiction. Aaron and Safeway submit that there is no dispute that they are non-diverse defendants because plaintiff, Aaron, and Safeway are all citizens of Louisiana. Although plaintiff agrees that this Court lacks jurisdiction over Aaron and Safeway, he submits that the only permissible course of action is to remand to state court. *Rec. Doc. 15*. The Court agrees. As the Court has found that Aaron and Safeway were properly joined as defendants and that this matter should be remanded to state court, Aaron and Safeway's Motion to Dismiss is moot.

## *Conclusion*

For the reasons stated above, the undersigned finds that Aaron and Safeway, who are non-diverse parties, were properly joined as defendants in this lawsuit. The undersigned further finds that this matter should be remanded to the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, for lack of subject matter jurisdiction. Accordingly, this Court recommends that Plaintiff's Motion to Remand be granted and the Motion To Dismiss for Lack of Subject Matter Jurisdiction filed by Aaron and Safeway be denied as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b),

parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 30th day of June 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**